IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARREL JENKINS, # N-42714,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-253-NJR |
| ) | |
| **DR TROT** ) | |
| **and CHARLOTTE MIGET,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate at Menard Correctional Center ("Menard"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 6, 2015. On March 11, 2015, the Court struck the original complaint from the record because Plaintiff failed to sign it in accordance with Federal Rule of Civil Procedure 11 (Doc. 5). Plaintiff was ordered to resubmit his complaint, properly signed, no later than April 1, 2015. The Clerk furnished him with a copy of the original complaint and exhibits, which totaled 32 pages.

On March 17, 2015, Plaintiff resubmitted an incomplete version of his complaint, along with two motions.[1] This pleading was docketed as an amended complaint on March 23, 2015, as Doc. 6. This amended complaint does contain a completed signature page (Doc. 6, p. 10), however, it is missing the caption/cover page, list of parties, and statement of claim.[2] This document, as filed, is insufficient to establish the Court's jurisdiction over any claims or parties.

---

[1] Plaintiff resubmitted his previously-filed motion for leave to proceed in forma pauperis ("IFP") (now filed as both Doc. 2 and Doc. 8), and motion for the recruitment of counsel (Doc. 3 and Doc. 7).
[2] In the now-stricken original complaint, pages 1-6 contained the caption, parties, and part of the statement of claim, and additional jurisdictional information was included on pages 11-15. None of these pages was included in the amended complaint.

The Court cannot determine which Defendants Plaintiff intends to sue, as no Defendant is named anywhere in the complaint. The disjointed nature of the document makes it impossible to discern any coherent factual allegations or description of the events giving rise to Plaintiff's claim. Although Plaintiff mentions some injuries that he attributes to the medication he was prescribed, he does not identify any health care provider or other person who might have been responsible for the problems he experienced. The complaint thus fails to state a claim upon which relief may be granted, and it is subject to dismissal pursuant to 28 U.S.C. § 1915A.

The Court is cognizant of the recent disruptions in the usual procedure for prisoners to submit documents electronically from Menard. While it is not clear whether this problem has contributed to Plaintiff's inability to file a coherent complaint, out of an abundance of caution, the Court shall allow him one more opportunity to submit a complete, signed complaint.

Plaintiff is **ADVISED** that when he submits his pleading, he must "start from scratch" and submit the *entire* document all together for filing. Merely sending in selected pages that were missing from the amended complaint will not suffice.

**IT IS THEREFORE ORDERED** that, in order to proceed with this case, Plaintiff shall file his Second Amended Complaint within 35 days of the entry of this order (on or before **May 12, 2015**). Plaintiff may resubmit the complaint he originally filed, properly signed, or he may revise his pleading. He is encouraged to use the form designed for use in this District for civil rights actions. He should label the pleading "Second Amended Complaint" and include Case Number 15-cv-253-NJR. For each claim, Plaintiff shall specify, *by name*,[3] each Defendant alleged to be liable for the alleged violations, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in

---

[3] Plaintiff may designate an unknown Defendant as John or Jane Doe, but he should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. It is not necessary to provide a memorandum of law, cite to legal authority, or include voluminous exhibits. Instead, Plaintiff should focus on the facts and events which gave rise to his claims that the Defendant(s) violated his civil rights.

An amended complaint supersedes and replaces the previously-filed complaint, making the earlier complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. If the Second Amended Complaint does not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

If Plaintiff fails to timely submit an amended complaint in compliance with this order, this action shall be dismissed with prejudice. *See* FED. R. CIV. P. 41(b). Because the current operative complaint (Doc. 6) fails to state a claim, such a dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: April 7, 2015**

                                              */s/ Nancy J. Rosenstengel*
                                              **NANCY J. ROSENSTENGEL**
                                              **United States District Judge**