IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARREL JENKINS, # N-42714,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 15-cv-253-NJR |
| | ) |
| **DOCTOR TROT/TROTS,**[1] | ) |
| **CHARLOTTE MIGET,** | ) |
| **and MS. POLLION,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for a preliminary review of the Second Amended Complaint (Doc. 11). Plaintiff had failed to sign his original complaint, and the document he resubmitted was incomplete. The Second Amended Complaint was properly signed and timely filed on May 4, 2015. This amended complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, arose during his incarceration at Menard Correctional Center ("Menard"). Plaintiff is currently confined in the Douglas County Jail in Superior, Wisconsin (Doc. 13). He asserts that Defendants, all health care professionals, were deliberately indifferent to his serious medical condition, in violation of the Eighth Amendment. He also states that Defendants violated his Fourteenth Amendment rights to due process and equal protection, and he seeks to bring a tort claim for negligence/medical malpractice (Doc. 11, p. 5).

According to the complaint, Plaintiff suffers from a chronic heart condition and has a pacemaker (Doc. 11, pp. 6, 8, 9). When he arrived at Menard in approximately March 2014, he

---

[1] In the original complaint, Plaintiff referred to this Defendant as Dr. Trot, and the docket sheet reflects this spelling. In the Second Amended Complaint, Plaintiff uses his original spelling, but also refers to the doctor as "Trots." The Court shall refer to this Defendant as Trot/Trots, as the correct spelling is unknown.

notified health care staff of this pre-existing problem. The doctor (presumably Defendant Trot/Trots) prescribed him three different high blood pressure medications (Doc. 11, p. 8). Plaintiff began to take these prescriptions and soon experienced severe complications, including extreme dizziness, blurred vision, and loss of consciousness. Plaintiff reported these problems to "the attending physician" (again, the Court presumes he means Defendant Trot/Trots), however, the doctor took no action to change Plaintiff's medications.

Plaintiff's severe side effects continued "over the course of a year," but Defendant Trot/Trots persisted in his course of treatment (Doc. 11, pp. 12-13). Plaintiff lost consciousness "numerous times," causing him to fall and sustain severe injuries (Doc. 11, p. 13). On January 7, 2015, while Plaintiff was at the commissary, he passed out and fell face-first onto the concrete floor. Four of his front teeth were knocked out, and he suffered severe head trauma. An emergency response team was summoned, and he was taken to an outside hospital for treatment (Doc. 11, pp. 9, 13). The hospital physician said to Plaintiff that "they must be trying to kill [him]," and he should never have been placed on multiple medications for his heart condition (Doc. 11, pp. 13). On February 2, 2015, a similar incident occurred in Plaintiff's cell, when he got up from bed and then passed out and fell onto the concrete floor (Doc. 11, p. 22). The gallery officer reported the incident to health care.

As for the other two Defendants, Plaintiff asserts that Defendant Miget (Registered Nurse) "was made aware" of Plaintiff's severe complications, yet "did nothing to prevent or correct or inform her DON Director of Nursing" (Doc. 11, p. 10). Defendant Pollion (Pharmacy Tech), he claims, had a duty to research and review medications prescribed for "high-risk patients" such as himself, in order to prevent dangerous drug interactions, but she failed to do so. *Id*.

Plaintiff seeks monetary damages from all three Defendants (Doc. 11, p. 27).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted,

or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Eighth Amendment claim against Defendant Trot/Trots for deliberate indifference to Plaintiff's serious medical condition and risk of harm, for failing to review or change Plaintiff's medications after Plaintiff notified him of his severe side effects and injuries;
>
> **Count 2:** Eighth Amendment claim against Defendant Miget for deliberate indifference to Plaintiff's serious medical condition, for failing to notify her superiors

or take other steps to change Plaintiff's treatment;

**Count 3:** Eighth Amendment claim against Defendant Pollion for deliberate indifference to Plaintiff's serious medical condition, for failing to research potential drug interactions with his medications;

**Count 4:** Fourteenth Amendment claims against Defendants Trot/Trots, Miget, and Pollion;

**Count 5:** Medical malpractice/negligence claims against Defendants Trot/Trots, Miget, and Pollion.

As discussed below, Plaintiff may proceed on his deliberate indifference claim in Count 1 against Defendant Trot/Trots. Counts 2-5 shall be dismissed for failure to state a claim upon which relief may be granted.

## Count 1 – Deliberate Indifference to Serious Medical Condition – Defendant Trot/Trots

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). In contrast, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Eighth Amendment does not give prisoners

entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *see also Garvin*, 236 F.3d at 898.

In Plaintiff's case, his heart condition presented an objectively serious ailment. The dangerous side effects that allegedly resulted from the prescription medications given to him by Defendant Trot/Trots arguably amounted to another serious condition. The complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's prison medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Defendant Trot/Trots provided treatment (the prescription medications) for Plaintiff's serious heart condition, which defeats a deliberate indifference claim based on this initial treatment. But Plaintiff asserts that after he began to experience significant side effects that put him at risk for (and in fact caused) serious bodily injury, Defendant Trot/Trots failed to take any steps to evaluate whether Plaintiff's medications should be changed or adjusted in some way to mitigate this risk of harm, even after Plaintiff notified him of these problems. Plaintiff further asserts that Defendant Trot/Trots kept him on the same prescription regimen for nearly a year, while he continued to experience dizziness, vision impairment, and sudden loss of consciousness. This pattern may support a deliberate indifference claim against Defendant Trot/Trots for his failure to act to address Plaintiff's serious symptoms caused by the medication he prescribed.

As noted in the authority cited above, the apparent difference of opinion between Defendant Trot/Trots and the hospital physician who commented on Defendant Trot/Trots' course of Plaintiff's treatment, is insufficient to establish an Eighth Amendment violation. And further factual

development may reveal that Defendant Trot/Trots' actions amounted merely to negligence or malpractice (neither of which violates the Eighth Amendment), or instead represented appropriate treatment. At this stage of the litigation, however, the Court cannot resolve these questions. Accordingly, the deliberate indifference claim in **Count 1** against Defendant Trot/Trots shall proceed for further consideration.

### Dismissal of Count 2 – Defendant Miget

Plaintiff faults Defendant Miget, a registered nurse, for failing to notify her supervisor(s) of his problems. His vague and brief statement does not indicate whether Plaintiff himself told Defendant Miget about his side effects, whether he asked for her help, whether she had any authority to change his prescriptions, or even whether she had any role at all in treating Plaintiff's conditions (Doc. 11, p. 10). As it stands, this portion of the complaint boils down to a claim that Defendant Miget did not come to Plaintiff's rescue, when the complications he describes were caused by the action/inaction of Defendant Trot/Trots.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Concerning Defendant Miget, Plaintiff's allegations are too sketchy to show that she had sufficient knowledge of his serious side effects and their possible connection to his medication, or involvement in his treatment, to support a constitutional claim against her for deliberate indifference to his medical needs. Therefore, **Count 2** shall be dismissed at this time without prejudice.

### Dismissal of Count 3 – Defendant Pollion

Plaintiff's allegations against Defendant Pollion also fall short of suggesting that she was deliberately indifferent to his conditions. He states his claim against her in terms that suggest a potential negligence action – she "had a duty" to review his medications, but failed to do so. Even if

this allegation is true, it does not amount to unconstitutional conduct. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Furthermore, Plaintiff does not describe any interaction or communication he may have had with Defendant Pollion regarding his condition. As with Count 2 above, Plaintiff fails to state an actionable deliberate indifference claim against Defendant Pollion. Accordingly, **Count 3** also shall be dismissed without prejudice.

### Dismissal of Count 4 – Fourteenth Amendment Claims

Aside from briefly invoking the Fourteenth Amendment's guarantees of due process, equal protection, and the right "not to be deprived [of] life and adequate health care," (Doc. 11, pp. 5-6), Plaintiff does not articulate how the conduct of any Defendant implicates any of these rights. Even if he had fleshed out this claim further, it is clearly based on the same factual allegations which underlie his primary Eighth Amendment deliberate indifference claims. As such, any Fourteenth Amendment claim appears to be duplicative of the other constitutional claims. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 F. App'x 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims). For this reason, **Count 4** shall be dismissed without prejudice.

### Dismissal of Count 5 – Medical Malpractice/Negligence Claims

Plaintiff also asserts state law claims of medical malpractice and/or negligence against Defendants Trot/Trots, Miget, and Pollion, based on the same conduct described above. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is

generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[2] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then

---

[2] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits, and he has not submitted a report from a qualified health professional regarding the conduct of any Defendant. Therefore, the claims in **Count 5** shall be dismissed, but the dismissal shall be without prejudice. If Plaintiff wishes to further pursue his malpractice/negligence claim(s) in this Court, he must file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order. Further, Plaintiff shall timely file the required written report(s) of a qualified health professional, in compliance with §5/2-622. If Plaintiff timely submits these documents, the Court may consider reinstating the claims in Count 5 against one or more of the Defendants.

### Pending Motions

Plaintiff's motions for leave to proceed *in forma pauperis* ("IFP") (Docs. 2 & 8) shall be addressed in a separate order.

Plaintiff's motions for recruitment of counsel (Docs. 3 & 7) shall be referred to United States Magistrate Judge Wilkerson for further consideration.

### Disposition

**COUNTS 2, 3, 4, and 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **MIGET** and **POLLION** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, if he wishes to seek reinstatement of the medical malpractice claims in **COUNT 5** against Defendants **TROT/TROTS, MIGET,** and **POLLION**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (on or before **December 9, 2015**). Further, Plaintiff shall timely file the

required written report(s) of a qualified health professional, in compliance with §5/2-622.

The Clerk of Court shall prepare for Defendant **TROT/TROTS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 3 & 7).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 4, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**